# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

ANGELA A. SCHEIT,

      Plaintiff,

v.                                        Case No. 22-CV-1138

SHERIFF CHRISTOPHER SCHMALING,
RACINE COUNTY BOARD, MEND MEDICAL,
DR. LENARD TODD, LATISHA RAMUS,
RACINE COUNTY JAIL ADMINSITRATION,
and CAPTAIN FRIEND,

      Defendants.

---

## ORDER

---

Plaintiff Angela A. Scheit, who is confined at Taycheedah Correctional Institution and representing herself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated her constitutional rights. (ECF No. 1.). Scheit also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2).This order resolves that motion and screens Scheit's complaint.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Scheit was incarcerated when she filed her complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with her case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). She must then

pay the balance of the $350 filing fee over time through deductions from her prisoner account. *Id.*

On September 29, 2022, Scheit filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 4.) However, she did not provide a certified trust account statement covering the six-month period prior to filing her complaint. On October 13, 2022, the Clerk of Court's office sent a letter requesting Scheit to file a complete certified trust account statement within 21 days. (ECF No. 7.) When Scheit failed to do so, the court issued a show cause order giving her until December 15, 2022, to file a certified trust account statement or pay the full filing fee. (ECF No. 11.) On December 14, 2022, Scheit provided the certified trust account statement, and the next day the court issued an order requiring Scheit to pay an initial partial filing fee of $41.30 by January 17, 2023. (ECF Nos. 14, 15.) On January 17, 2023, Scheit filed a motion for extension of time to pay the initial partial filing fee, (ECF No. 16), which the court granted, giving her until February 7, 2023, to pay the fee. (ECF No. 17.) Scheit paid the fee on February 9, 2023. As such, the court will grant Scheit's motion for leave to proceed without prepayment of the filing fee and allow her to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**SCREENING OF THE COMPLAINT**

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental

entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than

3

pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Scheit's Allegations*

Scheit alleges that from December 6, 2019, when she was booked into Racine County Jail, until she transferred to another institution in 2021, jail staff did not address several of her medical conditions, resulting in her conditions worsening. (ECF No. 1 at 3-4.) Specifically, she had a mental health episode that resulted in a trip to the emergency room and then suffered a dental abscess that resulted in a second trip to the emergency room. (*Id.*) Also, her diabetes had not been properly regulated, leading to significant weight gain. (*Id.*) Additionally, prior to entering the jail, she had a small abdominal hernia; however, because she was not allowed her abdominal binder, her abdominal hernia exponentially grew, requiring surgery. (*Id.*) Scheit's planters warts were also left untreated, and she was not given glasses for over two years, which caused her eyesight to deteriorate. (*Id.*) She further states she was denied a COVID booster vaccine, which resulted her contracting COVID three times. (*Id.*) Scheit also alleges that jail staff shared her medical conditions with Aramark in order to put her on a "cardiac diet," which she states violates her rights under the Health Insurance Portability and Accountability Act (HIPAA). (*Id.*)

*Analysis*

While Scheit names several defendants, in the body of her complaint she does not specify which defendant or defendants are responsible for failing to treat which ailments. Doing so is necessary because § 1983 "creates a cause of action based on

4

personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)). Because §1983 makes public employees liable "for their own misdeeds but not for anyone else's," *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009), a plaintiff must specifically allege what each individual defendant did (or did not do) to violate her constitutional rights.

Also, Scheit alleges that several different medical conditions went untreated. However, many of these medical conditions do not appear to be related. Because the court does not know which defendants are responsible for failing to treat which ailments, it cannot tell if Scheit's complaint complies with Federal Rules of Civil Procedure 18 and 20. Under these rules, a plaintiff may bring in one case unrelated claims against the same defendants, but she may not bring *unrelated* claims against *different* defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if she asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); *George*, 507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions")

5

Because the Seventh Circuit Court of Appeals has emphasized that the district court generally must give a plaintiff at least one opportunity to amend her complaint to fix any problems, *see Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022), Scheit may file an amended complaint by **April 25, 2023.** In her amended complaint Scheit should state which defendants failed to treat which medical conditions. Scheit should keep in mind that § 1983 allows a plaintiff only to sue a "person" who, acting under color of law, violates her constitutional rights. The Racine County Board, Mend Medical, and the Racine County Jail Administration are not "persons" under § 1983. Scheit also appears to bring a claim under HIPAA. Under HIPAA, "there is no express language conferring a private right or remedy for disclosure of confidential medical information. Thus, courts have held that HIPAA did not create a private cause of action or enforceable right for purposes of suit under 42 U.S.C. § 1983." *Franklin v. Wall,* Case No. 12-cv-614-wmc, 2013 WL 1399611, at *2 (W.D. Wis. April 5, 2013) (citing Carpenter v. Phillips, 419 Fed. App'x 658, 659 (7th Cir.2011)).

An amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the court will screen it as required by 28 U.S.C. § 1915A. If an amended complaint is not received, the court will dismiss this action based on Scheit's failure to state a claim in her original complaint. The court will enclose an amended complaint form along with this decision. Scheit must use the form. If she needs more space, she may attach **up to five additional pages**.

6

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Scheit's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDRED** that on or before **April 25, 2023**, Scheit may file an amended complaint. If the court does not receive an amended complaint by that date, it will dismiss this action based on the complaint's failure to state a claim.

**IT IS FURTHER ORDERED** that the agency having custody of Scheit shall collect from her institution trust account the $308.50 balance of the filing fee by collecting monthly payments from Scheit's prison trust account in an amount equal to 20 percent of the preceding month's income credited to Scheit's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Scheit is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with her remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Scheit is confined.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Scheit a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Scheit is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Scheit is reminded that it is her responsibility to promptly notify the court if she is released from custody or transferred to a different institution. Scheit's failure to keep the court advised of her whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 5th day of April, 2023.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge

9