# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANGELA A. SCHEIT,

            Plaintiff,

v.

SHERIFF CHRISTOPHER SCHMALING, DR. LENARD TODD, and LATISHA RAMUS,

            Defendants.

Case No. 22-CV-1138-JPS

**ORDER**

      Plaintiff Angele A. Scheit, an inmate confined at Taycheedah Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated her constitutional rights. ECF No. 1. On April 5, 2023, Magistrate Judge William E. Duffin granted Plaintiff's motion to proceed without prepayment of the filing fee, screened her complaint, and found she failed to state a claim upon which relief may be granted. ECF No. 18. However, Magistrate Judge Duffin gave Plaintiff an opportunity to amend her complaint. *Id.* On April 21, 2023, Plaintiff filed an amended complaint. ECF No. 19.

      This case is currently assigned to Magistrate Judge Duffin. However, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was referred to a District Judge for the limited purpose of screening the amended complaint. The case will be returned to Magistrate Judge Duffin after entry of this Order.

1.     **FEDERAL SCREENING STANDARD**

      Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity

or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived her of a right secured by the Constitution or the laws of the United States and that whoever deprived her of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## 2. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that from December 6, 2019, when she was booked into Racine County Jail, until September 13, 2022, Defendant Litisha Ramus ("Ramus") did not address several of Plaintiff's medical conditions, resulting in those conditions worsening. ECF No. 19 at 2. Specifically, Plaintiff had a mental health episode that resulted in a trip to the emergency room and then suffered a dental abscess that resulted in a second trip to the emergency room. *Id.* 2–4. Also, Plaintiff's diabetes had not been properly regulated leading to significant weight gain. *Id.* Prior to entering the jail, Plaintiff had a small abdominal hernia; however, because she was not allowed her abdominal binder, her abdominal hernia exponentially grew, requiring surgery. *Id.* Plaintiff's planters warts were also left untreated, and she was not given glasses for over two years, which caused her eyesight to deteriorate. *Id.* She further states she was denied a COVID booster vaccine, which resulted her contracting COVID three times. *Id.* Plaintiff also alleges that Defendant Dr. Leonard Todd ("Todd") is responsible for her conditions worsening because he is Ramus's supervisor. *Id.* at 5. Additionally, Ramus wrote Defendant Christopher Schmaling ("Schmaling") three letters about the lack of medical care, and he did nothing. *Id.*

## 3. ANALYSIS

Plaintiff claims that Defendants violated her constitutional rights by failing to treat several of her health conditions while she was incarcerated at Racine County Jail. It is unclear from the amended complaint if Plaintiff was a pretrial detainee at the time. If she was a pretrial detainee, her rights arise out of the Fourteenth Amendment's Due Process Clause; if she was a convicted prisoner, her rights arise out of the Eighth Amendment. *See Miranda v. County of Lake*, 900 F.3d 335, 350-51 (7th Cir. 2018) (explaining

that an objective reasonableness standard applies to claims brought by pretrial detainees while a deliberate indifference standard applies to claims brought by prisoners). The Court need not determine whether Plaintiff was a pretrial detainee or a convicted prisoner at this time, however, because the Eighth Amendment standard is the more stringent one. The Court will therefore analyze her claims under that standard. If later in the case it becomes evident that Plaintiff was in fact a pretrial detainee during the relevant time period, it will according analyze her claims under that standard.

A prison official violates the Eighth Amendment where he is deliberately indifferent "to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "To state a cause of action, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). "A medical need is sufficiently serious if the plaintiff's condition 'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir. 2011) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). The condition does not need to be life-threatening to be serious; it needs only to be "a condition that would result in further significant injury or unnecessary and wanton infliction of pain" if not addressed. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). At this stage, Plaintiff sufficiently alleges that her conditions were objectively serious.

Regarding the second prong, a plaintiff must allege "that an official *actually* knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (emphasis in original). The plaintiff

also "must show more than mere evidence of malpractice." *Id*. The plaintiff must show that the prison official's choices "were so 'significant a departure from accepted professional standards or practices' that it is questionable whether they actually exercised professional judgment*.*" *Stallings v. Liping Zhang*, 607 Fed. Appx. 591, 593 (7th Cir. 2015) (quoting *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014)). These choices include where a prison official fails to act or do anything to address the serious medical need. *See Gayton*, 593 F.3d at 623–24 (reversing summary judgment in favor of a nurse who refused to examine or treat a vomiting inmate). They also include where an official delays necessary treatment, aggravating a condition or needlessly prolonging a plaintiff's pain. *Gomez v. Randle*, 680 F.3d 859, 865–66 (7th Cir. 2012).

The Court finds that Plaintiff sufficiently alleges that Ramus was deliberately indifferent to her many medical needs as Plaintiff states that her conditions sufficiently worsened due to Ramus's lack of care. She may proceed on an Eighth Amendment deliberate-indifference claim against Ramus.

As for Defendants Todd and Schmaling, supervisors can be held liable for constitutional violations caused by their employees where the violation happens at the supervisor's direction or with the supervisor's knowledge and consent. *Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). In other words, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*. Plaintiff does not allege that Todd was aware of Ramus's alleged inadequate care, so she may not proceed on a claim against him, and the Court will dismiss Todd for the failure to state a claim against him. However, at the early pleading stage, Plaintiff may proceed on an Eighth

Amendment deliberate-indifference claim against Schmaling because she alleged that she wrote him three times about the issues with her medical care, and Schmaling did nothing.

## 4. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment deliberate indifference against Ramus and Schmaling for their indifference to Plaintiff's serious medical needs.

Accordingly,

**IT IS ORDERED** that Defendant Todd be and the same is hereby **DISMISSED** for the failure to state a claim against him;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the amended complaint, ECF No. 19, and this Order upon Defendants **Schmaling and Ramus** pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendants **Schmaling and Ramus** shall file a responsive pleading to the amended complaint; and

**IT IS FURTHER ORDERED** that this case is returned to Magistrate Judge William E. Duffin for further proceedings. The case is no longer referred to Judge Stadtmueller.

Dated at Milwaukee, Wisconsin, this 5th day of June, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to

prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.