UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANGELA A. SCHEIT,

          Plaintiff,

v.                                         Case No. 22-CV-1138

CHRISTOPHER SCHMALING, *et al.*,

          Defendants.

DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Angela A. Scheit, who is currently incarcerated at Ellsworth Correctional Institution and representing herself, brings this lawsuit under 42 U.S.C. § 1983. (ECF No. 1.) Scheit was allowed to proceed against the defendants on a claim for deliberate indifference to her medical needs. The defendants filed motions for summary judgment for failure to exhaust administrative remedies. (ECF Nos. 41, 50.) The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 8, 25, 32.) The motions are fully briefed and ready for a decision.

PRELIMINARY MATTERS

The defendants argue that Scheit failed to follow Federal Rule Civil Procedure 56 and Civil Local Rule 56 when responding to their motions for summary judgment. (ECF No. 72 at 2-6.) District courts are entitled to construe *pro se* submissions leniently and may overlook a plaintiff's noncompliance by construing the limited

evidence in a light most favorable to the plaintiff. *See Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). While Scheit's response materials do not formally conform with the rules, her response contains sufficient information to allow the court to rule on the defendants' motions. Scheit submitted a summary that explains her side of the story and referenced the defendants' exhibits in her response. Scheit also invokes 28 U.S.C. § 1746 in her complaint, which is enough to convert the complaint into an affidavit for purposes of summary judgment. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017); *Owens v. Hinsley*, 635 F.3d 950, 954–55 (7th Cir. 2011). As such, the court will consider the information contained in Scheit's submissions where appropriate in deciding the motions for summary judgment.

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587

2

(1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act states in part that "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court and produces a "useful administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)). The exhaustion rule also promotes efficiency because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89. Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his

3

administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

*Relevant Procedure for Exhausting Administrative Remedies*

At all times relevant Scheit was incarcerated as a pretrial detainee at Racine County Jail. (ECF No. 43, ¶ 4.) The Racine County Jail Handbook details the relevant procedures for a prisoner to exhaust her administrative remedies when she has a grievance. (ECF No. 44-4.) She must first attempt to informally resolve the grievance with a Jail staff member. (*Id.* at 12.) If an informal resolution cannot be reached, then a formal grievance may be filed using an "Inmate Request" form. (*Id.*) The prisoner must "[d]escribe the situation and nature of the grievance as completely as possible and submit the form to jail staff." (*Id.*) The grievance is then forwarded to the Jail sergeant for review. (*Id.*) The sergeant determines the appropriate next steps and then responds to the prisoner. (*Id.*) If the prisoner is not satisfied with the sergeant's response, she may file an appeal to the Jail captain. (*Id.*) The captain will review the issue, make a decision, and respond to the prisoner. (*Id.*) Grievances must be filed within seven days of the occurrence giving rise to the grievance. (*Id.* at 13.) Grievances may contain only one issue and must be signed. (*Id.*)

*Scheit's Claims*

In this lawsuit Scheit was allowed to proceed on a claim for deliberate indifference to various medical needs. (ECF No. 20.) Her amended complaint alleged a variety of physical and mental health issues that defendant Latisha Ramus ignored

4

or failed to treat. These included failing to treat a mental health episode; diabetes; an abdominal hernia; planters warts; eyesight issues; and COVID-19. Scheit was also allowed to proceed against defendant Sheriff Christopher Schmaling under a theory of supervisor liability because she alleged she wrote him three letters about the lack of medical care, and he did not do anything to prevent or address Ramus's failure to provide medical care. (*Id.*)

*Scheit's Attempts to Exhaust Her Administrative Remedies*

The defendants acknowledge that during her over-three-year stay at the Jail Scheit submitted over 400 inmate grievances and that many of them addressed the health concerns that are the subject of her lawsuit. (ECF No. 43, ¶¶ 1-2, 12-22.) However, they assert that she failed to appeal any of the decisions relating to her medical grievances. (*Id.*, ¶ 25.) Schmaling also alleges that Scheit never filed any grievances related to him allegedly failing to respond to her letters. (ECF No. 51, ¶ 38.)

Scheit asserts that she attempted to appeal decisions related to her medical grievances, but on the electronic form with which she could submit a medical grievance there was no option to appeal. (ECF No. 71 at 2.) In the exhibits she submitted, which are copies of the exhibits the defendants submitted in support of their motions overlaid with her thoughts, she demonstrates that, while there was an option to appeal a certain type of grievance, there was not an option to appeal a medical grievance once it was initially resolved. (ECF No. 71-1 at 10, 12, 14.) Scheit states she followed the directive contained in the handbook to seek help from a Jail

5

staff member if assistance is needed. (ECF No. 71 at 1; ECF No. 44-4 at 13.) The Jail staff told her that she could write to either the sergeant or captain on paper and not use the electronic grievance form. (ECF No. 71 at 4.) Scheit highlights some of the instances where she wrote to the captain about her issues, noting that they were written using an inmate request form. (ECF No. 44-4 at 17-20.)

*Analysis*

To properly exhaust administrative remedies, a prisoner must adhere "to the specific procedures and deadlines established by the prison's policy." *Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted). Also, "an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Ross v. Blake*, 578 U.S. 632, 642 (2016) (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)). A prisoner can show that a grievance process was unavailable when "(1) prison officials are 'consistently unwilling to provide any relief to aggrieved inmates'; (2) the administrative scheme is 'so opaque that it becomes, practically speaking, incapable of use;' or (3) prison administrators take affirmative action to thwart use of the grievance process," but these are "only examples, not a closed list." *Ramirez v. Young,* 906 F.3d 530, 538 (7th Cir. 2018) (quoting Ross, 578 U.S. at 643-45.)

The defendants do not dispute that Scheit filed many relevant medical grievances, and Scheit does not dispute that she did not formally file any appeals relating to her many medical grievances. However, she argues that the formal appeal

6

process was unavailable to her because there was no mechanism with which to appeal on the electronic form.

The court considers the evidence in a light most favorable to Scheit, the non-moving party. *Hill v. Snyder, Hill v. Snyder*, 817. F.3d 1037, 1039 (7th Cir. 2016). Taking the facts in a light most favorable to Scheit, a reasonable factfinder could conclude that the grievance process was unavailable to her. Scheit argues that the electronic form did not have an option to appeal decisions relating to medical grievances. This is akin to a grievance form not being available, and it is well established that exhaustion is not required where the forms are unavailable to a prisoner. *Id.*; *see also Hernandez,* 814 F.3d at 842-843. The defendants did not address this argument in their reply briefs even though a defendant has the burden of proving that a plaintiff failed to exhaust her administrative remedies. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

Scheit also demonstrates that she attempted in good faith to appeal her issues to the captain but that the process by which she was told to do so was confusing and informal. "The PLRA 'does not invite prison and jail officials to pose guessing games for prisoners.'" *Ramirez*, 906 F.3d at 538 (quoting *Hill*, 817 F.3d at 1040.) "Prison authorities cannot immunize themselves from suit by establishing procedures that in practice are not available." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015) (overruled in part on other grounds). Scheit has sufficiently demonstrated that the grievance procedure on paper, and the grievance procedure in practice, were

7

different, confusing and ineffective. The defendants have not offered any evidence to contradict Scheit's argument that the process was rendered unavailable.

To the extent that Schmaling argues that Scheit did not file a grievance about Schmaling not responding to her letters, that is not the crux of Scheit's claim against him. Scheit was allowed to proceed against Schmaling under a theory of supervisor liability for the medical claims. The allegations about the letters are merely evidence that Schmaling knew about Ramus's failure to provide adequate medical care. In other words, the constitutional violation Schmaling is allegedly liable for is not his failure to respond to the letters but his failure, as Ramus's supervisor, to prevent or address her allegedly inadequate medical care. It is irrelevant if Scheit failed to file a grievance about Schmaling failing to respond to her letters.

Because the defendants did not present any evidence demonstrating that the appeal process was available to Scheit for medical grievances, they do not meet their burden to show that Scheit failed to exhaust available administrative remedies. The court denies their motions for summary judgment on exhaustion grounds.

## CONCLUSION

For the reasons stated above, the court denies the defendants' motions for summary judgment on exhaustion grounds. The court will set an amended scheduling order at a later date.

8

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motions for summary judgment (ECF Nos. 41, 50) are **DENIED**. The court will set an amended scheduling order at a later date.

.

Dated at Milwaukee, Wisconsin this 17th day of May, 2024.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge
